Upon review of the competent evidence of record, and finding no good grounds to receive further evidence or rehear the parties or their representatives, the Full Commission, upon reconsideration of the evidence, affirms the Opinion and Award of the Deputy Commissioner.
The Full Commission finds as fact and concludes as matters of law the following which were entered into by the parties at the hearing as:
 STIPULATIONS
1. The Opinion and Award of Deputy Commissioner Ford filed on 29 May 1992, and all stipulations contained therein, is incorporated by reference as if fully set out herein.
***********
Based upon all the competent evidence in the record, the Full Commission makes the following additional:
 FINDINGS OF FACT
1. Prior to his injury by accident on 24 April 1989, plaintiff was under the care of orthopaedic specialists, Dr. Robert D. Francis and Dr. Robert Eaton of Hendersonville Orthopaedic Associates, for an unrelated back injury.
2. Plaintiff was treated by both Dr. Eaton and Dr. Francis for his left foot injury that occurred on 24 April 1989. Dr. Francis first began seeing plaintiff shortly after the accident, around May of 1989. Dr. Francis's initial impression was that plaintiff had a sprain of the spring ligament in his left foot. Dr. Francis later assessed a partial tear of the spring ligament. He continued to treat plaintiff for his foot pain. By 27 October 1992, Dr. Francis found plaintiff to be at maximum medical improvement with a ten percent permanent impairment to his left foot.
3. In May of 1991, due to plaintiff's ongoing foot complaints, Dr. Eaton referred plaintiff to Dr. Robert Anderson, a foot trained orthopaedic fellow at the Miller Clinic. Dr. Anderson first saw plaintiff on 28 May 1991 and assessed him with pain due to his crush injury and possible neuritis in his left foot. Plaintiff had three other visits to Dr. Anderson in 1992. On 29 September 1992, Dr. Anderson was of the opinion that plaintiff had reached maximum medical improvement. He released plaintiff from his care with a fifteen percent permanent impairment to his left foot due to his chronic left ankle pain from his crush injury. Dr. Anderson did not consider plaintiff a candidate for surgery.
4. On 2 June 1995, plaintiff returned to see Dr. Anderson with complaints of chronic foot pain. Dr. Anderson found plaintiff's condition was the same as in 1992. Although plaintiff's symptoms have persisted over the years, flaring up and then subsiding, the condition of his left foot has not changed since 1992. He has neither improved nor worsened, and his functional limitations remain the same.
5. Dr. Anderson treated plaintiff with injections, which gave him some temporary pain relief. Plaintiff has also been fitted with appropriate shoes. On 17 July 1995, Dr. Anderson noted that, with the use of accommodative footwear, plaintiff should be able to continue in his former position as a paper plant worker. Dr. Anderson noted plaintiff could stand for two hours, and then rest for about twenty minutes.
6. When questioned about the progression of plaintiff's foot condition over the last six years, Dr. Anderson testified that "I would say persist rather than progress. I think he's had some intermittent periods of worsening and then improvement. But I think his symptoms have overall persisted." Dr. Anderson further testified that plaintiff's permanent partial impairment rating and functional limitations remained the same as those given initially by Dr. Anderson on 29 September 1992.
7. At the time of his deposition on 8 August 1997, Dr. Anderson testified that foot surgery was not recommended for plaintiff. In his letter dated 15 September 1997, Dr. Anderson states that a sural neurectomy may be an option to consider in the future, but that this would not change plaintiff's permanent impairment rating. This is merely a possible treatment option for the future, not an indication of anything different about plaintiff's condition.
8. Plaintiff reached maximum medical improvement from his left foot injury as of 29 September 1992, and his foot condition has not changed since that time. As a result of his compensable injury by accident, plaintiff has sustained a fifteen percent permanent impairment to his left foot.
9. As the physicians have noted, plaintiff's foot pain is chronic. From time to time, his symptoms may flare up such that he needs injections or other medical treatment. Plaintiff should also continue to be fitted with supportive footwear as needed for use at work. Surgery has not been recommended at this time, but may be an option in the future.
***********
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. Although his condition is stable, plaintiff continues to experience foot pain for which occasional medical treatment may be necessary, such as injections when he experiences a flare up of symptoms. Defendants are responsible for ongoing medical treatment as may reasonably be necessary to effect a cure or give relief. G.S. § 97-2(19) and G.S. § 97-25.
2. As of 29 September 1992, plaintiff had reached maximum medical improvement with regard to his compensable left foot injury sustained on 24 April 1989. Plaintiff retains a fifteen percent permanent impairment to his left foot as a result of that injury, for which he is entitled to compensation pursuant to G.S. § 97-31(14).
3. Plaintiff's condition has not changed since he reached maximum medical improvement in September 1992, and plaintiff is not entitled to any further benefits under G.S. § 97-47.
***********
Based upon the foregoing stipulations, findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Defendants shall continue to pay for all medical treatment for plaintiff's left foot injury caused by the accident of 24 April 1989, as may reasonably be necessary to effect a cure or give relief.
2. Defendants shall pay plaintiff compensation at the rate of $352 (as set forth in the prior Form 21 agreement and based upon the stipulation of an average weekly wage of $528) for 21.6 weeks beginning 29 September 1992, as compensation for his fifteen percent permanent impairment of the left foot. Such compensation having accrued, it shall be paid in a lump sum, subject to the attorney's fee approved hereafter.
3. A reasonable attorney's fee of twenty-five percent of the compensation awarded plaintiff herein is approved for plaintiff's counsel, to be deducted from the amount due plaintiff and paid directly to his counsel.
4. Defendants shall pay the costs.
 S/_____________ RENEE C. RIGGSBEE COMMISSIONER
CONCURRING:
S/_____________ BERNADINE S. BALLANCE COMMISSIONER
DISSENTING:
S/_____________ THOMAS J. BOLCH COMMISSIONER